UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FABIOLA BENISON, individually,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS,     **JURY DEMAND**
INC., d/b/a NCC, a foreign corporation, and
ASSET ACCEPTANCE CAPITAL CORP.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff FABIOLA BENISON alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendants COMMONWEALTH FINANCIAL SYSTEMS, INC., doing business as "NCC," and ASSET ACCEPTANCE CAPITAL CORP. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged consumer debt using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and

   because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff FABIOLA BENISON is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC., doing business as "NCC," ("Commonwealth") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 245 Main Street, Dickson City, PA 18519; Plaintiff further alleges that Commonwealth is a citizen of the State of Pennsylvania.

7. Defendant ASSET ACCEPTANCE CAPITAL CORP. ("Asset Acceptance") is "a leading purchaser and collector of charged-off consumer debt"[1] that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 28405 Van Dyke Ave., Warren, MI 48093; Plaintiff further alleges that Asset Acceptance is a citizen of both the State of Michigan and the State of Delaware.

8. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other persons.

---

[1] Source: http://www.assetacceptance.com/ (last accessed March 12, 2013)

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

11. In 1994, the Plaintiff obtained a department store credit card financed through Citibank Mastercard.

12. This credit account was for primarily personal, household, and family purposes, to wit: clothing, home appliances, and similar articles.

13. The aforementioned account became delinquent in 2008, with a balance allegedly still owing.

14. The right to collect this alleged debt was later allegedly sold and assigned to Defendant Asset Acceptance.

15. Asset Acceptance subsequently engaged Defendant Commonwealth to attempt to collect on the alleged debt.

16. Commonwealth subsequently discovered Plaintiff's cellular telephone number, and began repeatedly placing calls to said cellular telephone in an effort to harass, annoy, or otherwise coerce the Plaintiff into paying the allege debt.

17. Upon answering any of these calls, the Plaintiff was greeted by either (a) a pre-recorded voice that advised the Plaintiff to "press one for English, press two for Spanish," or (b) a pre-recorded voice advising her to "please hold," and that an agent would be with her shortly.

18. When the Plaintiff received a call asking her to "press one for English, press two for Spanish," following her selection the voice would advise that the call was from "NCC, a division of Commonwealth Financial Systems," and requested that she call them back.

19. When the Plaintiff received a call advising her to hold for a representative, the agent would advise her that the call was from NCC, a division of Commonwealth Financial Systems, and that the call was in reference to the debt allegedly owed to Asset Acceptance.

20. Defendants' method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

21. Plaintiff avers that in spite of numerous requests to stop Defendants' constant barrage of telephone calls, Defendants persisted on calling Plaintiff's cellular telephone numerous of times.

22. In sum, the Defendants made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates paragraphs 1 through 22 herein.

24. Defendant Commonwealth violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

25. Defendant Asset Acceptance is vicariously liable for Defendant Commonwealth's violations of the TCPA. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiff FABIOLA BENISON, requests that the Court enter judgment in favor of Plaintiff and against Defendants COMMONWEALTH FINANCIAL SYSTEMS, INC. and ASSET ACCEPTANCE CAPITAL CORP. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff incorporates paragraphs 1 through 22 herein.

27. Defendants violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v.

Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff FABIOLA BENISON requests that the Court enter judgment in favor of Plaintiff and against Defendants COMMONWEALTH FINANCIAL SYSTEMS, INC. and ASSET ACCEPTANCE CAPITAL CORP. for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. attorney's fees, litigation expenses, and costs of the instant suit, and;

    d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates paragraphs 1 through 22 herein.

29. Defendants' practices violated the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff FABIOLA BENISON requests that the Court enter judgment in favor of Plaintiff and against Defendants COMMONWEALTH FINANCIAL SYSTEMS, INC. and ASSET ACCEPTANCE CAPITAL CORP. for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

    d. attorney's fees, litigation expenses, and costs of the instant suit, and;

    e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 13th day of March, 2013.

                            BRET L. LUSSKIN, Esq.
                            *Attorney for Plaintiff*
                            1001 N. Federal Hwy., Ste 106
                            Hallandale Beach, Florida 33009
                            Telephone: (954) 454-5841
                            Facsimile: (954) 454-5844
                            blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069